## OKLAHOMA CANDY & COMMISSION CO. v. LIQUID CARBONIC CO.

No. 12947—Opinion Filed Sept. 9, 1924.

Rehearing Denied Nov. 12, 1924.

(Syllabus.)

**Sales—Breach of Contract to Sell on Credit—Measure of Damages.**

Where there is a breach of contract to sell merchandise on credit in a case where buyer has the means and ability to buy for cash at the same price, the measure of damages is the interest on the contract price for the credit period.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the Liquid Carbonic Company against the Oklahoma Candy & Commission Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Edward Hirsh and Leon S. Hirsh, for plaintiff in error.

Robert Burns, for defendant in error.

WARREN, J. This question involves damages for failure to deliver a carload of merchandise consisting of fruits, syrups, etc., ordered by the Oklahoma Candy & Commission Company, defendant below, and plaintiff in error here, from the Liquid Carbonic Company. The order was dated November 11, 1919, for May 1, 1920, delivery. It consisted originally of two cars, the first having been delivered and paid for in March, 1920, by mutual agreement. The shipment of the second car was delayed by strikes and for various reasons and was shipped under an extension agreement about June 12th. After the shipment from Chicago and before its arrival at its destination in Oklahoma City the plaintiff received information that the defendant was discontinuing business and stopped the shipment in transit. Defendant on the 29th day of June elected to consider the contract breached and sue for damages. Plaintiff required that the

car be paid for, or that security be given for this car, and the balance of an unpaid account before delivery was made. Defendant affirmatively shows that it had sufficient money on hand and arranged to pay for the car.

The cause was tried in the district court of Oklahoma county. Plaintiff prayed judgment for its open account in the amount of $2,225.41, while defendant prayed judgment for damages in the sum of $3,930.24, claiming a balance in its favor of $1,604.83. The cause was submitted to a jury and a verdict rendered in favor of the plaintiff for $575.41. Defendant has perfected an appeal to this court.

The only question to be decided under the assignment of errors is the measure of damages to have been submitted to the jury. The general rule and the rule provided by our statute is that the measure of damages for breach of a contract for sale of personal property is the difference between the contract price and the market price at time delivery should have been made.

It is the duty of the buyer, however, to protect himself if he can, and he will not be allowed to recover damages which could have been avoided. R. C. L., vol. 24, p. 85; Lawrence et al. v. Porter et al., 63 Fed. 62, 11 C. C. A. 27; Warren v. Stoddart, 105 U. S. 224, 26 L. Ed. 1117.

In this case the defendant could have had the car had it been willing to pay cash therefor, and it is in testimony by the president of the defendant that he had the money on hand or arranged for to take up the car on arrival. The purchase was made on a 30-day credit, and the only possible damage would have been nominal damages or the interest on the money for that period at 6% per annum. The instruction of the court complained of was not inconsistent with this theory. The defendant received the benefit of $1,650, an amount far in excess of that to which it would have been entitled under this theory. There is, however, no cross-appeal on the part of the plaintiff.

The judgment of the trial court will, therefore, be affirmed.

JOHNSON, C. J., and BRANSON, HARRISON, and LYDICK, JJ., concur.